UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES B. LAUGHLAN, JR.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**DECISION AND ORDER**
17-CV-1055-A

---

Plaintiff James B. Laughlan, Jr. (the "Plaintiff), brought this action pursuant to 42 U.S.C. § 405(g) for review of a final decision of the Acting Commissioner of Social Security (the "Commissioner") that denied Plaintiff's application for Social Security Disability Benefits under Title II of the Social Security Act. Dkt. No. 1. The parties each moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. Nos. 15 and 22. Upon consideration of the administrative record, and for the reasons set forth below, the Court GRANTS the Commissioner's motion and DENIES the Plaintiff's motion for remand.

## DISCUSSION

Administrative Law Judge Scot Gulick (the "ALJ") found Plaintiff Laughlan ineligible for benefits because Plaintiff's severe mental impairments in combination with his physical impairments did not render the Plaintiff incapable of performing in jobs that existed in significant numbers in the national economy. *See* Tr. 19. The Court reviews the administrative record to determine whether the ALJ applied the correct legal standards and whether substantial evidence supports the ALJ's final decision. 42 U.S.C.

1

§ 405(g). The Court assumes the parties' familiarity with the prior proceedings, the record, and the issues before the Court.

An ALJ is required to conduct the following five-step sequential evaluation to determine whether a claimant is disabled:

  (1) whether the claimant is currently engaged in substantial gainful activity;

  (2) whether the claimant has a severe impairment or combination of impairments;

  (3) whether the impairments meet[] or equal[] the severity of the specified impairments in the Listing Impairments;

  (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and

  (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education and work experience.

20 C.F.R. § 404.1520(a)(4)(i)-(v). The claimant bears the burden of proving his case at steps one through four. *Id*. The burden of proof shifts to the Commissioner at step five. *Id*.

When a claimant allegedly suffers mental impairments, the ALJ is required to use a "special technique" (also known as the "psychiatric review technique") at the second and third steps to determine whether the claimant has any severe mental impairments and whether such impairments meet or are equal to impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520a. The special technique requires a "reviewing authority to determine first whether the claimant has a medically determinable mental impairment." *Petrie v. Astrue*, 412 F. App'x 401, 408 (2d Cir. 2011). If such an impairment is found, the reviewing authority is required to rate the degree of functional limitation resulting from the impairments in accordance with the four broad

2

categories of paragraph (c) of § 404.1520a: (1) activities of daily life; (2) social functioning; (3) concentration, persistence, or pace; (4) episodes of decompensation. *Kohler v. Astrue*, 546 F. 3d 260, 266 (2d Cir. 2008). Each of the first three areas are rated on a scale of "[n]one, mild, moderate, marked, and extreme." *Id*. The fourth area is rated on a scale of "none, one or two, three, four or more." *Petrie*, 412 F. App'x 401, 408. If the degree of limitation in each of the first three areas is rated mild or better and no episodes of decompensation are identified, then the claimant's mental impairment is not severe and the claimant is denied benefits. *Id.* If the claimant's mental impairments are severe, it will be determined if the impairments meet or are equivalent to the severity of any listed mental disorders. *Id*. If this is the case, the claimant is disabled; if not, the reviewing authority then assesses the claimant's residual functional capacity. 20 C.F.R. § 404.1520a(d)(3). In rendering a decision, the ALJ is required to reflect the application of the special technique and to make explicit findings as to the degree of limitation in each of the functional areas described in paragraph (c) of § 404.1520a. *Kohler,* 546, F. 3d at 266.

The ALJ found at step 2 that the Plaintiff had the following severe impairments: major depressive disorder; adjustment disorder; bipolar disorder; osteoarthritis of the right knee; and obesity. Tr. 12. At step three, however, the ALJ determined that the Plaintiff did not have an impairment or a combination of impairments that met the criteria of Medical Listing 12.04. Tr. 13.

The primary disputes before the Court are whether the ALJ failed to consider Listing 12.04 for Affective Disorders and whether the ALJ made a proper assessment of

3

"Symptom Intensity" under 20 C.F.R. §§ 404.1529 and 416.929 and Social Security Ruling 16-3P.

Listing for Affective Disorders. First, Plaintiff argues that ALJ failed to consider Medical Listing 12.04 properly. The ALJ rated the degree of functional limitation resulting from the impairments under paragraph (c) of § 404.1520a and found that the Plaintiff had no more than mild restrictions in his daily life activities. Tr. 14. The record shows that Plaintiff had the capability to cook, clean, shop, and participate in ham radio as a personal hobby. *Id.* The Plaintiff reported he was looking into going back to school or returning to work in his previous field of computer programming. *Id.* More importantly, the ALJ's daily life activities rating was consistent with the medical opinions of Dr. Ippolito, a consulting physician, Dr. Liu, a consulting nuclear medicine specialist, and Dr. Totin, a State Agency review psychologist. Tr. 69, 353, 357. The Court therefore finds that substantial evidence supported the ALJ's rating that the Plaintiff had mild restrictions in his daily activities.

The ALJ found that the Plaintiff had moderate difficulties in social functioning. Tr. 14. The Plaintiff had maintained substantial gainful activity with no reports of being fired due to problems of getting along with others, he socialized with friends regularly, and he participated in ham radio activities. The Plaintiff argued that his limitation of only occasional interaction with co-workers and supervisors should be rated as a marked limitation, *see* Dkt. No. 15-1, pp. 16-17, but occasional contact with co-workers and supervisors is properly rated as a moderate limitation in social functioning. *See e.g., Jiminez v. Colvin*, 2018 WL 459301, at *2 (W.D.N.Y. 2018). The medical opinions of Dr. Ippolito and Dr. Totin in the record both stated that the Plaintiff had mild difficulties in

4

social functioning. (Tr. 353; *see also* Tr. 69). The ALJ analyzed the medical opinions and the Plaintiff's testimony to conclude the limitation was moderate even though it was somewhat contrary to the consulting physicians' opinions. Nevertheless, the ALJ had substantial evidence to rate the Plaintiff's limitations in social functioning as moderate. the ALJ's find that the Plaintiff could only work in an environment that had no more than occasional contact with co-workers and supervisors, Tr. 15, is not consistent with that rating.

With respect to the third category, the ALJ rated Plaintiff's demonstrated difficulties of concentration, persistence, or pace as mild. Tr. 14. The Plaintiff's mental status showed regular attention and concentration with mild memory loss. *Id.* The ALJ's finding was consistent with the findings of Dr. Totin in the record, Tr. 69, and Plaintiff does not dispute that this rating was supported by substantial evidence.

Regarding the episodes of decompensation, the ALJ found that the Plaintiff had one episode of decompensation. Tr. 14. The Plaintiff contends that was an error requiring remand. The Plaintiff argues that he was admitted to Niagara Falls Memorial Hospital on four separate occasions from November 2013 through February 2014. Dkt. No. 15, pp.14-16. The Plaintiff also pointed to three prior episodes in early 2013 that should also have been considered as evidence relevant to this rating. *Id.* at 14.

Repeated episodes of decompensation within the meaning of paragraph (c) of § 404.1520a occur when there are "exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning, as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence, or pace." 20 C.F.R. § Pt. 404, Subpt. P, App. 1

5

§ 12.00(C)(4)[1]. These episodes "may be demonstrated by an exacerbation in symptoms or signs that would ordinarily require increased treatment or a less stressful situation (or a combination of the two)," and "may be inferred from medical records showing significant alteration in medication; or documentation of the need for a more structured psychological support system (*e.g.*, hospitalizations . . . ); or other relevant information in the record about the existence, severity, and duration of the episode." *Id.* The term "repeated episodes" generally means "three episodes within 1 year, or an average of every 4 months, each lasting for at least two weeks." *Id.* If a claimant has

> experienced more frequent episodes of shorter duration or less frequent episodes of longer duration, [the ALJ] must use judgment to determine if the duration and functional effects of the episodes are of equal severity and may be used to substitute for the listed finding in a determination of equivalence.

*Id.*

In this case, none of the Plaintiff's four hospital stays lasted two weeks. Tr. 271. Because the Plaintiff experienced frequent episodes of a shorter duration, however, the ALJ was required to use his judgment to assess their severity based upon their duration and functional effects.

The Plaintiff testified that he had not had a breakdown since February 2014 when he started medicating and stopped living with his ex-wife. *See* Tr. 45. The administrative record shows that, beyond the short period of time that the Plaintiff was having frequent breakdowns during a two-month time period over the dissolution of his

---

[1] The Court applies the listings that were in effect at the time of the ALJ's decision. *See* Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66138 (Sept. 26, 2016); 20 C.F.R. Pt. 404, Subpt. P, App. 1 (effective Sept. 29, 2016 to Jan. 16, 2017).

6

marriage, he suffered no other short-duration decompensation during the relevant time period.

The ALJ rated the combination of Plaintiff's non-qualifying episodes as severity equal to one qualifying episode of decompensation. *See* Tr. 14. The ALJ explained that the Plaintiff's symptoms of decompensation were linked to his marital problems. Tr. 13-15, and that his symptoms had been improving since his last prior hospitalization. *See* Tr. 45, 390. The ALJ had substantial evidence supporting his findings that the Plaintiff had only one qualifying episode of decompensation.

In summary, the ALJ adequately completed the psychiatric review technique. The ruling could have been more explicit, but the ALJ found that the Plaintiff had medically determinable mental and physical impairments. The ALJ proceeded to rate the degree of functional limitation resulting from the impairments and properly found that these impairments were not severe. Therefore, the ALJ considered the substantial evidence in the record and was justified in his finding that the Plaintiff did not meet the criteria of Medical Listing 12.04.

<u>Symptom Intensity.</u> The Plaintiff also argues claimed that the ALJ failed to make a proper assessment of his symptom intensity. The Commissioner is required to consider all the evidence in the record when evaluating the intensity and persistence of symptoms. *See Genier v. Astrue*, 606 F. 3d 46, 50 (2d. Cir. 2010). In this case, the ALJ adequately considered a variety of factors, specifically talked about some of them in his decision, and adequately weighed the evidence of the medical opinions. Tr. 15-17.

The Plaintiff argued that the ALJ made a "credibility" finding with an incomplete record. Dkt. No. 15. That is incorrect. During the hearing, the ALJ addressed the

Plaintiff's professional career, mental health history, and his daily activities. Tr. 38-44. The ALJ afforded the Plaintiff 30 days to provide more evidence, Tr. 35-36, his attorney provided nearly 150 pages of additional evidence, Tr. 390-535, and neither the Plaintiff nor his attorney suggested even more additional evidence was needed. Tr. 35-36. Partly because the Plaintiff's counsel during the hearing volunteered to obtain additional records, and was permitted to do so, the Court finds no relevant gap in the record due to a failure on the part of the ALJ to develop the record regarding the Plaintiff's symptoms. *See Jordan v. Comm'r of Social Sec.,* 142 F. App'x 542, 543 (2d Cir. 2005).

The ALJ's assessment of plaintiff's symptom intensity could well have been more explicit, but the Court finds the lack of greater specificity and reasoning to have been harmless. The ALJ gave adequate reasons for the weight given to the plaintiff's symptoms which were consistent with and supported by substantial evidence. Tr. 15-17. The Court has considered the Plaintiff's other arguments that challenge the ALJ's symptom intensity assessment and find them to be without merit.

## CONCLUSION

For all the foregoing reasons, Plaintiff James B. Laughlan, Jr.'s, motion pursuant to Fed. R. Civ. P. 12 (c) for judgment on the pleadings (Dkt. No. 15) is denied. The Commissioner's cross-motion for judgment on the pleadings (Dkt. No. 22) is granted. The Clerk shall enter Judgment accordingly.

**IT IS SO ORDERED.**

*s/Richard J. Arcara*
RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

Dated:   July 1, 2019
         Buffalo, New York